IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

IN THE MATTER OF THE ESTATE OF
DONALD LEE IZZETT, JR., DECEASED
BY AND THROUGH THE ADMINISTRATRIX
OF THE ESTATE HONORABLE BECKY BUIE
CHANCERY CLERK OF PIKE COUNTY, MISSISSIPPI                PLAINTIFF

VS.                                         CIVIL ACTION NO. 5:19-cv-41-DCB-MTP

SHANE GUENTHER                                              DEFENDANT

## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW,** the Defendant, Shane Guenther, respectfully files this Answer in response to the Complaint filed in this matter. In support thereof, this Defendant states as follows:

1. Defendant admits that the estate of Donald Lee Izzett, Jr. is a probate matter pending in the Chancery Court of Pike County, Civil Action no. 2019-57-WS, and that the Honorable Becky Buie, Chancery Clerk of Pike County, Mississippi is the duly appointed, qualified and serving Administratrix of said estate. The Defendant admits to the validity of the Order Declaring Donald Lee Izzett, Jr. Deceased entered by the Chancellor, and that Honorable Becky Buie, as Administratrix of the estate should be authorized and directed to make such inquiry and determination into the liability of, and the appropriateness of, the filing of a wrongful death action against any party or parties as may be responsible for and a proximate cause of the wrongful death of Donald Lee Izzett, Jr. in a court of competent jurisdiction to include but not be limited to the Circuit Court of Pike County, Mississippi.

2. The allegations of Paragraph 2 of the Complaint are denied.

3. Denied.

4. Denied.

5. Denied

6. All allegations of paragraph 6 are denied with the exception of the last sentence. Defendant

is without sufficient knowledge to form a basis to respond to the last sentence of paragraph 6.

7. The Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

8. The Defendant is without sufficient knowledge.

9. The Defendant is without sufficient knowledge.

10. The Complaint does not contain a paragraph 10.

11. The Complaint does not contain a paragraph 11.

12. The Defendant denies all jurisdictional allegations contained in this Complaint, as well as all the remaining allegations of Paragraph 12.

The unnumbered paragraph of the Complaint beginning WHEREFORE, PREMISES CONSIDERED is denied in its entirety.

## AFFIRMATIVE DEFENSES

And now, having answered the Complaint paragraph by paragraph, the Defendant would assert each of the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendant affirmatively pleads accord and satisfaction.

## SECOND AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads arbitration and award.

## THIRD AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads assumption of risk.

## FOURTH AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads assumption of risk.

## FIFTH AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads duress.

## SEVENTH AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads failure of consideration.

## NINTH AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads fraud.

## TENTH AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads illegality.

## ELEVENTH AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads injury by fellow servant.

**TWELTH AFFIRMATIVE DEFENSE**

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads license.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads payment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads release.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads *res judicata*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads statute of frauds.

**EIGTHEENTH AFFIRMATIVE DEFENSE**

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads statute of limitations.

**NINETEENTH AFFIRMATIVE DEFENSE**

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads waiver.

### TWENTIETH AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads insufficient process.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Notwithstanding the foregoing Affirmative Defenses, this Defendat affirmatively pleads insufficient service or process.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This Defendant asserts the defenses of insufficiency of process and insufficiency of service of process pursuant to Federal Rules of Civil Procedure 12 (1) (4) and 12(1,) (5), respectively.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for wrongful death or punitive damages on which relieve can be granted, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b) (6).

**WHEREFORE, PREMISES CONSIDERED,** the Defendant, Shane Guenther, respectfully submits the foregoing Answer and Affirmative Defenses and moves that this action be dismissed with prejudice with all costs and attorneys' eees assessed agains the Plaintiff

RESPECTFULLY SUBMITTED, THIS the 9th day of May, 2019.

                                                SHANE GUENTHER, DEFENDANT

BY:    */s/ Cynthia H. Speetjens*
           CYNTHIA H. SPEETJENS

OF COUNSEL:

CYNTHIA H. SPEETJENS, ESQ.
CYNTHIA H. SPEETJENS, P.A.
MSB: #2407
2088 Main Street, Ste. A
Madison, Mississippi 39110
Telephone: (601) 707-9711
Facsimile: (601) 707-7509
cspeetjens@ms-lawyer.net

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that the above and foregoing is being filed with the Clerk of this Court by electronic filing and will be served via United States mail, postage prepaid to the foregoing:

Ronald L. Whittington, Esq.
Whittington Law Firm
229 Main Street (39648)
P. O. Drawer 1919
McComb, Mississippi  39649-1919

William E. Goodwin, Esq.
Attorney at Law
101 Main Street
P. O. Box 1364
McComb, Mississippi  39649-1364

DATED, this the 9th day of May, 2019.

/s/ Cynthia H. Speetjens
CYNTHIA H. SPEETJENS